(June 29, 1906.)

SHOSHONE COUNTY, Plaintiff, v. WILLIAM SCHULDT, Treasurer, Defendant.

[86 Pac. 418.]

PAYMENT OF WARRANTS DRAWN ON SPECIAL FUND—CURRENT EXPENSES OF COUNTY GOVERNMENT. ·

1. Under the act of March 10, 1903 (Sess. Laws 1903, p. 204), providing for the annexation of a portion of Shoshone county to Nez Perce county, as construed in *Shoshone County v. Thompson,* 11 Idaho, 130, 81 Pac. 73, and *Shoshone County v. Proffit,* 11 Idaho, 763, 84 Pac. 812, warrants drawn by Nez Perce county in favor of Shoshone county for the proportionate part of indebtedness to be borne by the detached territory are payable out of a special fund to be raised from taxation, and the cash received by Nez Perce county from Shoshone county from money on hand at the time of annexation is not available for the payment of such warrants.

2. The cash received from money in the treasury at the time of annexation was available for the payment of current expenses and intended to compensate Nez Perce county for its outlay in maintaining county government in the annexed territory during the time for which it could not levy and collect taxes from that territory.

(Syllabus by the court.)

ORIGINAL application for writ of mandate to the treasurer of Nez Perce County. *Writ denied and action dismissed.*

James E. Gyde, Prosecuting Attorney of Shoshone County, for Petitioner.

B. S. Crow, Prosecuting Attorney of Nez Perce County, for Defendant.

Counsel cite no authorities not cited in the decision.

AILSHIE, J.—This is an application for a writ of mandate made on the part of Shoshone county against the treasurer of Nez Perce county. It is the latest action growing out of the act of March 10, 1903 (Sess. Laws, 1903, p. 204), which provided for the annexation of a portion of Shoshone county to Nez Perce county. That act has previously been twice before this court, and was construed first in *Shoshone County v. Thompson,* 11 Idaho, 130, 81 Pac. 73, and again in *Shoshone County v. Proffit,* 11 Idaho, 763, 84 Pac. 812. The accountants provided for in the act, in discharging their duties as construed in *Shoshone County v. Thompson,* found the sum of $3,414.29, to be the proportionate sum due from Shoshone county to Nez Perce county out of the moneys in the county treasury at the time the act took effect. That sum was paid into the county treasury of Nez Perce county at the time the county commissioners drew their warrants in favor of Shoshone county for the amount found due that county. This action was brought to compel the treasurer of Nez Perce county to pay this sum of $3,414.29 toward the satisfaction of the warrants drawn by Nez Perce county, in accordance with the decision of this court in *Shoshone County v. Proffit.* In the latter case this court said: "The issuance and delivery of warrants by Nez Perce county to Shoshone county is merely an evidence of the result of the investigation and adjustment of the amount found due to Shoshone county from the territory it has lost. These warrants will be payable only out of taxes collected from the annexed territory in the manner and under the requirements and restrictions of section 3606, Revised Statutes, *supra.*" The money which it is sought by this action to have paid on these warrants is not money collected in the manner prescribed by statute and pointed out by the decision of this court. It was never intended by the legislature that Shoshone county should pay its proportion of the cash on hand into the treasury of Nez Perce county and immediately have it paid back on the warrants issued for the de-

tached territory's proportionate part of indebtedness.  To. do so would be a useless thing.  It certainly could not have been the intention of the legislature to require the accountants to go to a great amount of work and certify their results in a matter that was to have no consequence or bearing on the standing of either the old county or the detached territory, and which would be entirely useless in every sense and respect. We think rather that it was the intent of the legislature to have Shoshone county pay into the Nez Perce county treasury the proportionate amount of cash on hand at the time of the annexation, in order to compensate Nez Perce county for the amount of expenditures and outlay it would be to in the way of current expenses for .maintaining county government in the annexed territory for the remainder of the fiscal year, for which it would be unable to collect taxes from the new territory.   Under the view we have previously taken of the situation, as expressed in *Shoshone County v. Proffit, supra,* we are satisfied that Shoshone county is not entitled to have this sum paid on the warrants issued by Nez Perce county.   The writ is denied and the action dismissed.   No costs awarded.

SULLIVAN, J., Concurring.—The decision of this court in *Shoshone County v. Proffit* is the law of that case, and, in consideration of that fact, I concur in the decision in this case.

Stockslager, C. J., was not present at the hearing, but participated in the consideration of the case, and concurs in this decision.